IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIO GLADIMIRO SALAZAR-REALPE, <u>et al.</u>,<br><br>    Defendants. | CRIMINAL NO. 15-087 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Mario Gladimiro Salazar-Realpe, Freddy Cortez-Vergara, and Eude Alcivar Estupinan-Cabezas were indicted for conspiracy to possess with the intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, as prohibited under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a)(1), 70504(b)(1), and 70506(a) and (b) (Docket No. 13). Before the court is defendants' "Motion to Dismiss Indictment" (Docket No. 28), which they supplemented (Docket No. 30). The government opposed (Docket No. 42). For the reasons explained below, the motion to dismiss and the motion supplementing it are DENIED.

**I.   INTRODUCTION**

On January 19, 2014, while on routine patrol in the Eastern Pacific, a maritime patrol aircraft spotted a target of interest ("TOI") traveling on international waters off the south of the Guatemala-El Salvador border. A vessel belonging to the United States Coast Guard deployed two (2) smaller boats to intercept and query the TOI, which began to flee while the people on board dumped fuel barrels and suspicious packages resembling bales of narcotics. Then, the TOI became compliant and a boarding team conducted a right of visit. The boarding team observed the TOI was lacking

United States v. Salazar-Realpe, et al.
Criminal No. 15-087 (PAD)
Opinion and Order
Page 2

markings or any indicia of nationality on its hull. Salazar-Realpe made a verbal claim of Ecuadorian nationality for himself, the remaining crew members and the TOI, and listed Esmeralda, Ecuador as the vessel's homeport. Ecuador could neither confirm nor deny the vessel's nationality. In total, nine (9) bales of a substance yielding positive for cocaine were recovered. The defendants were detained and subsequently indicted. Now they seek dismissal of the charges against them.

## II.   DISCUSSION

The MDLEA prohibits manufacturing, distributing, or possessing with intent to distribute drugs "on board" (i) a "vessel of the United States," (ii) a "vessel subject to the jurisdiction of the United States," or (iii) "any vessel if the [defendant] is a citizen of the United States or a resident alien of the United States." 46 U.S.C. § 70503(a). The MDLEA defines certain non-United States vessels as "subject to the jurisdiction of the United States," including a "vessel without nationality," a "vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States," or a "vessel in the territorial waters of a foreign nation if the nation consents to the enforcement of United States law by the United States." 46 U.S.C. § 70502(c)(1)(A), (C), (E).

Defendants request dismissal of the indictment claiming that: (1) the MDLEA purports to apply universal jurisdiction to drug trafficking offenses – an invalid exercise of Congress' power under the Define and Punish Clause; (2) the Felonies powers under Article I require a direct nexus to the United States, and such a connection is lacking in this case; (3) drug trafficking is not a universal jurisdiction offense, and thus cannot be prosecuted in cases without connection to the United States; and (4) the statute's statelessness provision is broader than international laws' concept of statelessness, is not a valid exercise of Article II's Treaty Power provision, violates the Due Process Clause of the Fifth Amendment, and is a retroactive application of a criminal law prohibited

United States v. Salazar-Realpe, et al.
Criminal No. 15-087 (PAD)
Opinion and Order
Page 3

by the *ex post facto* Clause.  The court addresses the first three (3) arguments altogether, and the remaining ones in turn.

1. <u>MDLA's Need for Nexus to the United States</u>

Defendants contend Congress may not constitutionally prohibit drug trafficking outside the territorial jurisdiction of the United States, when such conduct lacks a direct nexus to the United States (Docket No. 28 at p. 8).  In enacting the MDLEA, Congress invoked "its constitutional power to Define and Punish Piracies and Felonies committed on the High Seas." <u>U.S.</u> v. <u>Matos-Luchi</u>, 627 F.3d 1, 3 (1st Cir. 2010)(<u>citing</u> U.S. Const. art. I § 8, cl. 10); <u>United States</u> v. <u>Persuad</u>, 2015 WL 1260720, * 3 (11th Cir. March 20, 2015).

This Clause does not explicitly require that a nexus between unlawful conduct on the high seas and the United States be established before Congress can punish that conduct.  And the First Circuit has held that no such nexus is required.  <u>See</u>, <u>U.S.</u> v. <u>Nueci-Pena</u>, 711 F.3d 191, 198 (2013)(rejecting need for nexus on plain error review).  <u>See also</u>, <u>United States</u> v. <u>Campbell</u>, 743 F.3d 802, 810 (11th Cir. 2014)(recognizing that conduct proscribed by the MDLEA need not have a nexus to the United States); <u>United States</u> v. <u>Díaz-Doncel</u>, 990 F.Supp.2d 163, 164 (D.P.R. 2014)(denying defendant's request as untimely, but ruling in the alternative that MDLEA is a constitutional exercise of Congress' power under the Piracies and Felonies Clause).

Defendants invoke <u>United States</u> v. <u>Furlong</u>, 18 U.S. (5 Wheat) 184 (1820), <u>United States</u> v. <u>Smith</u>, 18 U.S. (5 Wheat) 153 (1820), and <u>United States</u> v. <u>Palmer</u>, 16 U.S. (3 Wheat) 610 (1818), arguing for a more limited construction of the Define and Punish Clause that would preclude their prosecution under the MDLEA (Docket No. 28 at pp. 5-7).  The First Circuit considered and rejected in <u>Nueci-Pena</u>, the arguments related to <u>Furlong</u> and <u>Smith</u>. <u>See</u>, 711 F.3d at 198 n. 7.  Moreover, <u>Palmer</u> involves an issue of statutory interpretation rather than a constitutional

Case 3:15-cr-00087-PAD   Document 53   Filed 06/18/15   Page 4 of 6

United States v. Salazar-Realpe, et al.
Criminal No. 15-087 (PAD)
Opinion and Order
Page 4

challenge compelling an inquiry into the scope of Congress' power. See, United States v. Suerte, 291 F.3d 366, 373-374 (5th Cir. 2002)(describing Palmer). Thus, it is inapplicable here. In these circumstances, defendants' challenge fails.

2. Challenge under International Law

Defendants maintain that the MDLEA's definition of "vessel without nationality" extends beyond what international custom or convention recognizes as statelessness (Docket No. 28 at pp. 10-11). They point out that the MDLEA treats a legally registered, non-piratical vessel as stateless if the flag state fails to reply to the U.S.'s inquiry regarding registration. Id. at p. 11. They claim that, by contrast, under international law a stateless vessel is one that is not registered by any state, or whose registration involves some subterfuge, such as multiple flags, or flags of state with which the vessel has no connection. Id. For this reason, they understand that the MDLEA's assertion of jurisdiction over stateless vessels is an invalid exercise of Congress' Article I powers. Id.

In the context of MDLEA, the First Circuit has held that "defendants are not entitled to raise a violation of international law as an objection," but that at any rate, the statute "does not conflict with international law." Matos-Luchi, 627 F.3d at 6 (citing 46 U.S.C. § 70505). This is so, "because international law too treats the 'stateless vessel' concept as informed by the need for effective enforcement." Id. On this view, a vessel may be deemed "stateless" and subject to the enforcement jurisdiction of any nation on the scene, if it fails to display or carry insignia of nationality and seeks to avoid national identification. Id.

Most importantly, "[u]nder international law, every vessel must sail under the flag of one and only one state; those that sail under no flag or more than one flag enjoy no legal protection." Id. at p. 5 (citing Oppenheim, International Law § 261, at 595-596 (H. Lauterpacht ed., 8th ed. 1955)). Like in Matos-Luchi, the vessel here was lacking markings or any indicia of nationality on its hull.

Case 3:15-cr-00087-PAD    Document 53    Filed 06/18/15    Page 5 of 6

United States v. Salazar-Realpe, et al.
Criminal No. 15-087 (PAD)
Opinion and Order
Page 5

As such, it falls within the jurisdictional reach of the MDLEA. See, U.S. v. Victoria, 876 F.2d 1009, 1010 (1st Cir. 1989)("…[S]tateless vessels on the high seas are, by virtue of their statelessness, subject to the jurisdiction of the United States").

3. Congress' Treaty Power under Article II

Defendants argue that MDLEA is an *ultra vires* extension of Congress' Article I legislative powers, and that the agreement or treaty that the United States has with Ecuador is not one that would permit Congress to legislate beyond those powers (Docket No. 28 at pp. 11-12). Because as previously discussed, the MDLEA is constitutionally valid under the Define and Punish Clause, there is no need to evaluate the extent to which congressional power may be augmented through the Treaty Power Clause.

4. Due Process

Defendants assert that without a showing of a nexus between conduct charged and the United States, their prosecution is arbitrary and fundamentally unfair, in violation of the Fifth Amendment. Id. at pp. 12-13. The argument is unavailing, for there is no need for a nexus linking the conduct charged to the United States under the MDLEA. See, United States v. Martínez-Hidalgo, 993 F.2d 1052, 1056 (3d Cir. 1993), cert. denied, 510 U.S. 1048 (1994)(rejecting due process challenge to MDLEA); see also, United States v. Cardales, 168 F. 3d 548, 553 (1st Cir.), cert. denied 528 U.S. 838 (1999)(same, noting foreign flag nation's consent and congressional finding that drug trafficking aboard vessels threatens the security of the United States).

5. *Ex Post Facto* Challenge

Defendants "object to the retroactive application of the MDLEA to their conduct as a violation to the Constitution's prohibition on *ex post facto* laws" (Docket No. 28 at p. 14). They state that it was not until after the Coast Guard contacted the government of Ecuador and the latter failed

United States v. Salazar-Realpe, et al.
Criminal No. 15-087 (PAD)
Opinion and Order
Page 6

to confirm or deny the vessel's claim of Ecuadorian registry that the MDLEA came to apply to them. Id.

In order to trigger the *ex post facto* provision, the law must, *inter alia*, be applied retrospectively, that is, it must apply to events occurring prior to its enactment. See, U.S. v. Vazquez-Rivera, 135 F.3d 172, 177 (1st Cir. 1998), and cases cited therein. The MDLEA was enacted in 1986. Because the events giving rise to the case here occurred in early 2014, there is no *ex post facto* bar to prosecution.

### III. CONCLUSION

In light of the foregoing, defendants' "Motion to Dismiss Indictment" (Docket No. 28), and their motion supplementing it (Docket No. 30) are DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of June, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE